## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **FRANCIS X. GOODWIN,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No.** |
| | : | |
| **ALKERMES, PLC d/b/a** | : | |
| **ALKERMES, INC.,** | : | |
| **Defendant** | : | |

## COMPLAINT

### I.  Introduction

This is an action brought by the Plaintiff, Francis X. Goodwin, against the Defendant seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and liquidated damages to remedy the unlawful discrimination in employment the Plaintiff has suffered on account of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, et seq.,

### II.  Parties

1.      The Plaintiff, Francis X. Goodwin, is a resident of the Town of Smithfield, County of Providence, State of Rhode Island.

2.      Defendant Alkermes, PLC d/b/a Alkermes, Inc. ("Alkermes") is a corporation duly organized and incorporated pursuant to the laws of the Commonwealth of Massachusetts.  During all relevant time periods, Defendant Alkermes conducted business within the State of Rhode Island.

### III.  Jurisdiction

3.      This Court has jurisdiction over the Plaintiff's claims under the ADEA pursuant to 29 U.S.C. §626(c).

## IV.  Venue

4.      Venue is proper in this Court insofar as the Defendant is doing business in the State of Rhode Island and therefore is deemed to reside in the District of  Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391(b).  Furthermore, a substantial part of the events or omissions giving rise to the within claim occurred in the District of Rhode Island.

## V.  Exhaustion of Administrative Remedies

5.      The Plaintiff filed a charge alleging age discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

6.      On or about July 15, 2016, the Plaintiff was issued a Notice of Right to Sue by the EEOC and has timely instituted suit thereon.

7.      The Plaintiff has satisfied all administrative and/or jurisdictional requirements to file the within lawsuit.

## VI.  Material Factual Allegations

8.      The Plaintiff is sixty-three (63) years-old.  The Plaintiff's date of birth is November 22, 1953.

9.      The Plaintiff applied to two (2) open employment positions at Defendant Alkermes—the District Business Leader position and the Territory Business Manager position.

10.      Prior to applying for these jobs at Defendant Alkermes, the Plaintiff had nearly thirty (30) years of experience in pharmaceutical sales and in developing and managing strategies in pharmaceutical sales industry.  In fact, at the time he submitted his applications, the Plaintiff had experience selling pharmaceutical drugs for the treatment of schizophrenia, similar to products sold by Defendant Alkermes.

11.     In or about the middle of November, 2014, the Plaintiff applied for the District Business Leader position.

12.     The District Business Leader position included managing and working in Defendant Alkermes' Rhode Island territory.  At the time he applied for this position, the Plaintiff believed that, in the event he was hired by Defendant Alkermes, he would be based in Rhode Island and maintain a home office location in Rhode Island.

13.     At the time of his application, the Plaintiff submitted a copy of his resume, which, inter alia, detailed his education and employment history.

14.     The job description of the District Business Leader position was very similar to previous employment positions held by the Plaintiff, including, but not limited to, being employed in district manager and regional field manager positions in the pharmaceutical sales industry.

15.     The Plaintiff also met the educational and work experience requirements of the District Business Leader position.  The District Business Leader position required a bachelor's degree and stated that an advanced business degree was "a plus."  The Plaintiff met these requirements insofar as he maintains a bachelor's degree and a Master of Business Administration Degree.  The position also required two (2) or more years in sales management.  The Plaintiff had nearly twenty (20) years of experience in sales management.  The position also required seven (7) or more years of sales experience in the pharmaceutical industry with evidence of sales performance. At the time of his application, the Plaintiff had ten (10) years of direct sales experience in pharmaceuticals, and maintained an exceptional history sales performance history as evidenced in his résumé.

16.     After applying to the District Business Leader position, the Plaintiff received no response from Defendant Alkermes.

17.     In the middle of January, 2015, the Plaintiff also applied for the position of Territory Business Manager.

18.     The Territory Business Manager, like the District Business leader position, included managing and working in Defendant Alkermes' Rhode Island territory.  In addition, at the time he applied for the Territory Business Manager position, the Plaintiff believed that, in the event he was hired by Defendant Alkermes, he would be based in Rhode Island and maintain a home office location in Rhode Island.

19.     The Territory Business Manager position was very similar to the pharmaceutical sales positions that the Plaintiff previously held and performed well.

20.     After applying to the Territory Business Manager position, the Plaintiff received e-mail communications from Defendant Alkermes to schedule a telephone interview on January 17, 2015.

21.     During the January 17th telephone interview, Carolyn Pastore, a recruiter, advised the Plaintiff that he would be moving to the next phase of the interview process and would interview with the hiring manager.  Ms. Pastore also informed the Plaintiff that he was a good fit for the position and that he had her endorsement to move to the next phase.

22.     Without any further contact from Defendant Alkermes, the Plaintiff received an e-mail, dated February 25, 2015, stating he was not selected for the position of Territory Business Manager.

23.     Upon receiving this communication, the Plaintiff reached out to a representative of Defendant Alkermes, Jennifer Polino, who was familiar with the Plaintiff's credentials and experience.

24.     Believing that there must have been an error in the interview process, Ms. Polino sent the Plaintiff's application materials to her manager and requested that he forward the materials to the Regional Director.

25.     In making this request of her manager, Ms. Polino stated that it "seem[ed] strange" that the Plaintiff did not advance to the next phase in the interview process.  In addition, Ms. Polino stated, "I couldn't give these individuals[1] a higher recommendation, they would be a perfect fit and it would be a shame if they didn't at least get in front of the hiring manager."

26.     Notwithstanding the verbal endorsement of Ms. Pastore and the written endorsement of Ms. Polino, the Plaintiff was never interviewed by the hiring manager nor was he offered employment at Defendant Alkermes.

27.     On information and belief, Defendant Alkermes hired individuals for the subject employment positions with similar or less experience and qualifications than the Plaintiff.

28.     By failing to hire the Plaintiff for the District Business Leader and the Territory Business Manager positions, Defendant Alkermes subjected the Plaintiff to workplace discrimination on account of his age.

29.     Defendant Alkermes purported reason for its failure to hire the Plaintiff is pretext for age discrimination.

30.     Defendant Alkermes' discriminatory actions and/or omissions, including, but not limited to, failing to hire the Plaintiff due to his age, are in violation of the ADEA and were willful and/or motivated by malice and ill will toward the Plaintiff, and Defendant Alkermes' actions were taken with reckless and/or callous indifference to the statutorily protected rights of the Plaintiff and with the intent and purpose of depriving the Plaintiff of valuable compensation due to him.

31. As a proximate result of Defendant Alkermes' discriminatory acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income and other employment benefits, damage to his personal and professional reputation, mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

## VII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays for the following relief:

a. a declaratory judgment that Defendant Alkermes, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.;

b. enjoining and permanently restraining Defendant Alkermes from violating the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.;

c. award the Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon;

d. award the Plaintiff compensatory damages for future pecuniary losses, emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

e. award the Plaintiff liquidated damages for Defendant Alkermes' willful, intentional, and/or malicious violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.;

f. award the Plaintiff reasonable attorney's fees and costs; and,

g. grant such other and further relief as this Court deems just and proper.

---

[1] The Plaintiff's colleague, Thomas Stauffer, also applied for positions at Defendant Alkermes. Like the Plaintiff, Mr. Stauffer has substantial experience in pharmaceutical sales and is over forty (40) years old. Moreover, like

## VIII.  <u>Demand for Jury Trial</u>

The Plaintiff hereby demands a trial by jury.

## IX.  <u>Designation of Trial Counsel</u>

The Plaintiff hereby designates Michael D. Pushee, Esquire as trial counsel.


PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY, P.C.


/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

Dated:  October 13, 2016

---

the Plaintiff, Mr. Stauffer's applications for employment were denied after receiving Ms. Pastore's endorsement.